UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNEKA SMITH

CIVIL ACTION

VERSUS

NO: 17-11898

OCHSNER MEDICAL CENTER-
WESTBANK, L.L.C., ET AL.

SECTION: "J" (1)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 10)** filed by Defendants, Ochsner Health System and Ochsner Medical Center – Westbank, L.L.C. (collectively, "Ochsner"), Plaintiff Ronneka Smith's ("Plaintiff") opposition **(Rec. Doc. 16)**, and Ochsner's reply **(Rec. Doc. 23)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from Ochsner's alleged disability discrimination pursuant to Title III of the ADA ("Title III"), Section 504 of the Rehabilitation Act ("Section 504"), and Section 1557 of the Affordable Care Act, 42 U.S.C. 18116 ("Section 1557"). Plaintiff is a deaf individual who visited Ochsner for prenatal care on approximately fifteen occasions between November 17, 2016 and June 14, 2017. Plaintiff alleges that she received an in-person sign language interpreter during

1

approximately five visits, and she received a video remote interpreter during approximately five visits. Upon demand by Plaintiff's counsel, Ochsner also provided a sign language interpreter during the delivery of Plaintiff's child. Thereafter, Plaintiff alleges that an Ochsner nurse scheduled an appointment with third-party provider, Kid-Med Pediatric, but did not notify Kid-Med Pediatric of Plaintiff's disability.

Plaintiff sued Ochsner in federal court on November 6, 2017. Plaintiff alleges that Ochsner's failure to provide necessary accommodations amounts to discriminatory treatment on the basis of her disability, and she suffered "humiliation, fear, anxiety, emotional distress, isolation, segregation, invasion of her civil rights, mental anguish, embarrassment, and inconvenience" as a result. Plaintiff seeks (1) a declaratory judgment that Ochsner's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III, Section 504, and Section 1557; (2) an injunction forbidding Ochsner from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Ochsner's facilities, services, or programs; (3) an injunction ordering Ochsner to develop, implement, promulgate, and comply with various policies concerning deaf or hard of hearing patients; and (4) compensatory and nominal damages pursuant to Section 504 and Section 1557, reasonable costs and attorneys' fees pursuant to Title III, Section 504, and Section 1557, interest on all amounts at the highest rates and

from the earliest dates allowed by law, and any and all other relief this Court finds appropriate.

On February 22, 2018, Ochsner filed the instant *Motion to Dismiss for Failure to State a Claim*, which Plaintiff opposes.

## PARTIES' ARGUMENTS

**1. Defendants' Arguments**

First, Ochsner argues that Plaintiff's claims should be dismissed for failure to state a claim. (Rec. Doc. 10-1, at 5). Ochsner asserts that Plaintiff has not alleged any facts demonstrating that Ochsner failed to provide Plaintiff with auxiliary aids or services where necessary to ensure effective communication, as is required in order to state a claim under Title III, Section 504, and Section 1557. (Rec. Doc. 10-1, at 7). Ochsner asserts that Plaintiff's allegation that Kid-Med Pediatric failed to provide her with auxiliary aids during a pediatric appointment does not constitute discrimination by Ochsner. (Rec. Doc. 10-1, at 8). Additionally, Ochsner asserts that Plaintiff fails to show she is entitled to compensatory damages because she has not demonstrated that Ochsner intentionally discriminated against her. (Rec. Doc. 10-1, at 8).

Second, Ochsner argues that Plaintiff's claims for injunctive and declaratory relief must be dismissed for lack of standing because Plaintiff fails to allege sufficient facts to show there is a real and imminent threat of future harm. (Rec. Doc. 10-1, at 8-10). Ochsner emphasizes that Plaintiff has failed to allege any concrete,

particularized, and credible plan to return to Ochsner in the future. (Rec. Doc. 10-1, at 12).

2. **Plaintiff's Arguments**

First, Plaintiff argues that she is entitled to seek compensatory damages because Ochsner intentionally discriminated against her by failing to consistently provide auxiliary aids and services. (Rec. Doc. 16, at 11). Plaintiff asserts that "[o]ne can infer a plausible claim of intentional discrimination within Plaintiff's complaint through her allegations that across approximately fifteen doctor's appointments at the Defendant hospital, at approximately five visits the Defendant failed to provide her necessary auxiliary aids and services." (Rec. Doc. 16, at 14). Plaintiff avers that her claims are not defeated by her alleged failure to request accommodations from Ochsner, as Ochsner has an affirmative obligation to comply with Section 504. (Rec. Doc. 16, at 15).

Second, Plaintiff argues that she has standing to seek injunctive relief and has sufficiently alleged a real and imminent threat of harm. (Rec. Doc. 16, at 16). Plaintiff asserts that the ADA relieves a person from engaging in the "futile gesture" of making plans to return if the person has "actual notice" that the defendant does not intend to comply with the ADA. (Rec. Doc. 16, at 17). Additionally, Plaintiff alleges that she has standing pursuant to the "Deterrent Effect" Test. (Rec. Doc. 16, at 18). Plaintiff argues that the deterrent effect of Ochsner's inconsistent provision of auxiliary aids and services to Plaintiff is an "actual or imminent" injury that is not conjectural or hypothetical. (Rec. Doc. 16, at 18). Alternatively, Plaintiff argues that she has

4

standing to seek injunctive relief because she has sufficiently pled intent to return to Ochsner's hospital in light of the proximity of the hospital to her home, her past patronage of the hospital, and the fact that her child was born at the hospital. (Rec. Doc. 16, at 20-21).

3. **Defendants' Arguments in Reply**

In reply, Ochsner first argues that Plaintiff's complaint should be dismissed because it fails to state a claim for disability discrimination as a matter of law. (Rec. Doc. 23, at 2). Ochsner emphasizes that applicable law does not require Ochsner to provide Plaintiff with interpreter services at every visit; rather, appropriate auxiliary aids and services must be furnished where necessary to ensure effective communication. (Rec. Doc. 23, at 2). Ochsner asserts that Plaintiff fails to allege any facts that, taken as true, show ineffective communication during her treatment at Ochsner. (Rec. Doc. 23, at 4). Additionally, Ochsner notes that Plaintiff wholly fails to address Ochsner's argument that it cannot be held liable for the actions or inactions of third-party provider, Kid-Med Pediatric. (Rec. Doc. 23, at 6).

Second, Ochsner argues that Plaintiff's claims for injunctive and declaratory relief should be dismissed for failure to allege a deterrent effect or a real or immediate threat of future harm. (Rec. Doc. 23, at 7). Ochsner asserts that Plaintiff fails to plead facts sufficient to support her theory that standing exists pursuant to the "Deterrent Effect" Test, which has not been adopted by the Fifth Circuit. (Rec. Doc. 23, at 7). Specifically, Ochsner notes that Plaintiff never pled in her complaint that she was deterred from visiting Ochsner and, indeed, asserted that she plans to visit the

5

hospital in the future. (Rec. Doc. 23, at 8). Additionally, Ochsner argues that Plaintiff fails to plead facts sufficient to demonstrate the existence of a real or immediate threat of future discrimination by Ochsner. (Rec. Doc. 23, at 9). Ochsner notes that although Plaintiff has asserted that she is likely to return to the hospital in the future, she has failed to establish that she is likely to suffer discrimination at a future visit such that injunctive relief is appropriate. (Rec. Doc. 23, at 9). Ochsner argues that Plaintiff has also failed to establish that visiting Ochsner in the future would be a "futile gesture" because she does not have "actual notice" that Ochsner does not intend to comply with the ADA. (Rec. Doc. 23, at 10).

Finally, Ochsner opposes Plaintiff's request that this Court grant her additional time to file an amended complaint if this Court finds her claims to be inadequate. (Rec. Doc. 23, at 11). Ochsner emphasizes that Plaintiff has already filed an amended complaint and that the opposition gives no indication of what factual allegations Plaintiff could add in a second amended complaint to save her claims. (Rec. Doc. 23, at 11).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

6

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

A dismissal for lack of standing is properly brought under Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011). When standing is challenged in conjunction with other Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court should grant a motion to dismiss for lack of subject matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that

would entitle plaintiff to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998).

## DISCUSSION

### I. Standing to obtain injunctive and declaratory relief

A Court must dismiss a cause of action for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In deciding whether to grant a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the Court's resolution of those facts that are in dispute. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

In order for a plaintiff to have standing, the plaintiff must prove: (1) a concrete and particularized injury in fact that is actual or imminent, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by the relief sought. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Where the injury occurred in the past, a plaintiff seeking injunctive relief must show that there is a "real or immediate threat that he will be wronged again" by the same defendant. *Plumley v. Landmark Chevrolent, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997).

The ADA alters the traditional standing analysis by explicitly relieving an individual of the obligation to engage in a "futile gesture" where the individual has

"actual notice" that the defendant does not intend to comply with the ADA. *See* 42 U.S.C. § 12188(a)(1) and 28 C.F.R. § 36.501(a). Moreover, a plaintiff seeking injunctive relief under Title III is not required to demonstrate intentional discrimination. *See Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 183-84 (5th Cir. 2015) (applying an intentional discrimination standard to the issue of compensatory damages under Section 504, but omitting the intentional discrimination analysis when considering the issue of injunctive relief under Title III).

"The Fifth Circuit has not expressly considered the proper approach to determining standing in the typical Title III case." *Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587, 600 (W.D. Tex. 2010). The Ninth Circuit's "deterrent effect doctrine" based on the provision in Title III guaranteeing "equality of opportunity" for disabled individuals becomes relevant when an individual suffers "continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) (internal citations omitted). According to this doctrine that has been utilized by district courts within the Fifth Circuit, an individual who is denied "the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation,"[1] whether directly or because she is deterred from revisiting due to ADA noncompliance, suffers an injury sufficient to convey standing. *Betancourt*, 735 F. Supp. 2d at 602.

---

[1] 42 U.S.C. § 12182(b).

In *Betancourt*, the Middle District of Texas concluded that a plaintiff need not engage in the "futile gesture" of delineating when she planned to return to a shopping mall that was not compliant with the ADA because she suffered an imminent injury. *Id.* Specifically, she was deterred from frequenting the business due to her actual knowledge of the shopping mall's noncompliance with the ADA. *Id.* (citing *Steger v. Franco*, 228 F.3d 889 (8th Cir. 2000) ("[a]lthough plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying … they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers").

The Eastern District has not adopted the deterrent effect doctrine. Rather, in *Tatum v. Board of Supervisors for the University System of Louisiana*, Judge Africk held that "plaintiffs may demonstrate an injury in fact if they are unable to visit a particular place or participate in a particular activity in the future, and they have done so in the past." 9 F. Supp. 3d 652, 656 (internal citations omitted).

Here, the critical issue is whether Plaintiff has suffered an injury in fact that is sufficient to convey standing. It is clear that Ochsner's alleged conduct caused Plaintiff's injury and a favorable court decision will redress her injury. Taking as true all allegations raised in the complaint and following the reasoning of *Betancourt* and *Tatum*, Plaintiff has standing to seek injunctive and declaratory relief because she has alleged that Ochsner has discriminated against her on the basis of her disability in the past and she has expressed an affirmative intention to visit the hospital again in the future given that her child was born there and she lives in close proximity. For

10

these reasons, Plaintiff has sufficiently pleaded a real and immediate threat of future injury.

## II.  12(b)(6) Motion to Dismiss

### Title III Claim

To state a claim under Title III, a plaintiff must allege that (1) she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff by denying her a full and equal opportunity to enjoy the services the defendant provides. 42 U.S.C. § 12182(a). Covered entities are charged with furnishing "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c). "The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(ii). Title III allows a plaintiff to sue for injunctive relief, but it does not provide for money damages. 42 U.S.C. § 12188(a)(1).

In *Lockwood v. Our Lady of the Lake Hospital, Inc.*, the Middle District of Louisiana denied defendant hospital's motion to dismiss a suit arising out of emergency care rendered to a deaf individual. No. CV 17-00509-SDD-EWD, 2018 WL 3451514, at *1 (M.D. La. July 17, 2018). Despite a request from Plaintiff's friend that Defendant provide an ASL interpreter upon Plaintiff's arrival at the hospital, Plaintiff asserted in his complaint that Defendant did not provide an interpreter and

11

instead attempted to communicate with him by using a loud voice, lip-reading, and making rudimentary gestures. *Id.* Plaintiff also asserted that he was asked to sign various documents without the aid of a sign language interpreter or VRI machine. *Id.*

Similarly, in *Benavides v. Laredo Medical Center*, a deaf individual sued defendant hospital under Title III and Section 504 for failing to provide interpretive services despite numerous requests. No. CIV.A. L-08-105, 2009 WL 1755004, at *1 (S.D. Tex. June 18, 2009). Plaintiff asserted in his complaint that on his first visit to the hospital, Defendant failed to comply with his request for a sign-language interpreter and proceeded to treat and diagnose him without informing him about his condition. *Id.* Plaintiff asserted that he stayed in the hospital for five days a couple of months later, and Defendant did not provide a sign-language interpreter at any time despite his request. *Id.* Plaintiff alleged that nurses instead attempted to communicate with him through written notes. *Id.* As a result, he was diagnosed and treated without any awareness of "what was happening to him." *Id.* Plaintiff alleged that Defendant "never provided effective communication for Plaintiff to understand his condition or treatment options." *Id.* Finally, Plaintiff asserted in his complaint that Defendant failed to comply with his request for an interpreter during his third visit to the hospital. *Id.* at *2. The Southern District of Texas denied Defendant's motion to dismiss for failure to state a claim. *Id.* at *9.

Here, there is no dispute that Plaintiff is disabled within the meaning of the ADA or that Ochsner owns, leases, or operates a place of public accommodation. Rather, the parties disagree over whether Ochsner discriminated against Plaintiff by

denying her a full and equal opportunity to enjoy the services the defendant provides as is required to state a claim under Title III. In her complaint, Plaintiff alleges that she received an in-person sign language interpreter on approximately five occasions and a video remote interpreter on approximately five occasions. (*See* Rec. Doc. 6, at 6). Additionally, Ochsner complied with Plaintiff's request for a sign language interpreter during the delivery of her child. (*See* Rec. Doc. 6, at 6). Plaintiff states in her opposition to Ochsner's motion to dismiss that she was not provided with auxiliary aids and services at approximately five visits. (Rec. Doc. 16, at 14). However, Plaintiff does not provide facts to demonstrate that she was denied effective communication during any of her visits. Plaintiff asserts only that Ochsner's failure to provide Plaintiff with the necessary accommodations on various occasions amounts to discriminatory treatment on the basis of her disability. (*See* Rec. Doc. 6, at 7). Given that Plaintiff does not allege specific facts to raise a reasonable inference that Ochsner discriminated against Plaintiff by denying her a full and equal opportunity to enjoy the services that Ochsner provides, Plaintiff fails to state a claim under Title III.

**Section 504 and Section 1557 Claims**

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Programs or activities receiving federal funding "must afford

13

handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

To state a Section 504 claim, in addition to showing that the entity receives or directly benefits from federal financial assistance, a plaintiff must allege: "(1) that [she] has a qualifying disability; (2) that [she] is being denied the benefits of services, programs, or activities for which the [covered entity] is responsible, or is otherwise discriminated against by the [covered entity]; and (3) that such discrimination is by reason of [her] disability." *Esparza v. Univ. Med. Ctr. Mgmt. Corp.*, No. CV 17-4803, 2017 WL 4791185, at *9 (E.D. La. Oct. 24, 2017) (internal quotation marks and citations omitted).

Pursuant to Section 1557, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance…." 42 USC § 18116. Both monetary damages and injunctive relief are available under Section 504 and Section 1557. In the Fifth Circuit, "in order to receive compensatory damages for violations of [Section 504 and Section 1557], a plaintiff must show intentional discrimination," *Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002).

In *Benavides*, the Southern District of Texas rejected defendant hospital's argument that Plaintiff's claim for compensatory damages must fail because Plaintiff

failed to allege that any discrimination against him was intentional. *Benavides v. Laredo Med. Ctr.*, No. CIV.A. L-08-105, 2009 WL 1755004, at *6 (S.D. Tex. June 18, 2009). The Court concluded that Plaintiff sufficiently pleaded that Defendant intentionally denied him access to interpretive services by allegedly diagnosing and treating Plaintiff on three occasions without providing the services that Plaintiff requested. *Id.*

Here, there is no dispute that Plaintiff is a disabled individual or that Ochsner is a covered entity. The only matter in dispute is whether Ochsner intentionally discriminated against Plaintiff by denying her a full and equal opportunity to enjoy Ochsner's services. Plaintiff alleges that during her fifteen pre-natal visits to Ochsner, she was provided with an in-person sign language interpreter on approximately five occasions and a video remote interpreter on approximately five occasions. (*See* Rec. Doc. 6, at 6). Ochsner also complied with Plaintiff's request to provide a sign language interpreter during the delivery of Plaintiff's child. (Rec. Doc. 6, at 6). Plaintiff states in her opposition to Ochsner's motion to dismiss that she was not provided with auxiliary aids and services at approximately five visits. (Rec. Doc. 16, at 14). However, Plaintiff fails to allege facts to support her legal conclusion that she was denied effective communication during some of her visits. Accordingly, Plaintiff's amended complaint fails to state a claim for which relief may be granted pursuant to Section 504 and Section 1557.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 10)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in the above-captioned matter are hereby **DISMISSED** without prejudice.

New Orleans, Louisiana, this 23rd day of January, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE